UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TOTAL SOLUTIONS AUTO SALES, LLC, | Case No. 1:21-cv-1946 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge David A. Ruiz |
| PNC Bank N.A., | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Total Solutions Auto Sales, LLC brought suit in State court alleging that it obtained a loan through the Paycheck Protection Program from Defendant PNC Bank N.A. (ECF No. 1-2, PageID #19.) Plaintiff alleges that it applied for a loan in the amount of $133,000 but received only $20,833 due to discrimination against individuals who are members of protected classes under federal law. (*Id.*) Plaintiff commenced suit on September 20, 2021, and Defendant timely removed. (ECF No. 1.) For the reasons that follow, the Court **GRANTS** Defendant's motion to dismiss the complaint. (ECF No. 5).

## JURISDICTION

As a threshold matter, the Court has an independent obligation to examine its own jurisdiction. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant" to federal court. Diversity of citizenship under 28 U.S.C. § 1332 "exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). A limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

Plaintiff alleges that Total Solutions Auto Sales is a limited liability company with a single member, Christian Matabaro Bisimwa. (ECF No. 1-2, PageID #19.) Bisimwa, in turn, is domiciled in Ohio. (ECF No. 1-3, PageID #67.)

Defendant is a national bank with its main office in Delaware. (ECF No. 1-3, PageID #70.) "All national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. Under this statute, PNC Bank is a citizen of the State it designates as its main office, Delaware. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Therefore, the parties are citizens of different States.

Further, Plaintiff seeks the difference between the PPP loan it received and the amount for which it applied ($112,167). (ECF No. 1-2, PageID #21.) Therefore, the amount-in-controversy requirement is satisfied, and the Court has subject matter jurisdiction over this case under Section 1332 and Section 1441.

## GOVERNING LEGAL STANDARD

To withstand a motion to dismiss, Plaintiff must allege facts that "state a claim to relief that is plausible on its face" and raise their "right to relief above the speculative level." *Cook v. Ohio Nat. Life Ins. Co.*, 961 F.3d 850, 855 (6th Cir. 2020)

2

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

When analyzing a complaint under this standard, the Court construes factual allegations in the light most favorable to the plaintiff, accepts them as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015). But a complaint must offer more than "labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quotation omitted). Rule 8, along with *Twombly* and *Iqbal*, require a plaintiff to "plead enough factual matter to raise a plausible inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (cleaned up). This inference "depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Id.* (citations omitted). To survive a motion to dismiss, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555.

## DISCUSSION

As a corporation, Total Solutions Auto Sales can appear in court only through an attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citing *Osborn v. President of Bank of United States,* 9 Wheat. 738, 829 (1824)); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th

Cir. 1984) (citations omitted). This rule applies equally to a limited liability company. *See Hilton I. Hale & Assocs., LLC v. Gaebler*, No. 2:10-CV-920, 2011 WL 308275, at *1 (S.D. Ohio Jan. 28, 2011). Here, the Court's docket and Plaintiff's complaint show that it is *not* represented by counsel. Instead, its sole member, Christian Matabaro Bisimwa, has filed papers on behalf of the entity. He does not identify himself as an attorney and is not listed as an attorney with the Ohio Supreme Court. Because Christian Matabaro Bisimwa is not an attorney, he may not represent Total Solutions Auto Sales, which may only pursue a claim through counsel.

## CONLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 5).

**SO ORDERED.**

Dated: December 8, 2021

---

J. Philip Calabrese
United States District Judge
Northern District of Ohio